KENNETH A. FEINSWOG
kfeinswog@aol.com
Bar No. 129562
400 Corporate Pointe, Suite 300
Culver City, California 90230
Telephone: (310) 846-5800
Facsimile: (310) 846-5801

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT
## OF CALIFORNIA

---------------------------------------------------------X

BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC., and ZION ROOTSWEAR, LLC,

Plaintiffs,

GEARLAUNCH INC., MICHAEL SCHELL, THATCHER CLAFLIN SPRING, BARRETT SUMMERLIN, SUNFROG, LLC, MERCHPOND MANUFACTURING, LLC, JOSH KENT, THE DREAM JUNCTION, LLC and BLAIR DORSEY,

Defendants.
---------------------------------------------------------X

CIVIL ACTION NO.

**COMPLAINT FOR TRADEMARK AND RIGHT OF PUBLICITY INFRINGEMENT AND <u>UNFAIR COMPETITION</u>**

1

## JURISDICTION AND VENUE

1. Plaintiff BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC. ("Bravado") is a corporation duly organized under the laws of the State of California with a place of business in Los Angeles, California. Plaintiff ZION ROOTSWEAR, LLC ("Zion") is a limited liability corporation duly organized under the laws of the State of Florida with a place of business in Los Angeles, California.

2. Upon information and belief, at all relevant times herein, Defendants GEARLAUNCH INC., MICHAEL SCHELL, THATCHER CLAFLIN SPRING, BARRETT SUMMERLIN, SUNFROG, LLC, MERCHPOND MANUFACTURING, LLC, JOSH KENT, THE DREAM JUNCTION, LLC and BLAIR DORSEY, have transacted business in and/or have committed their infringing activities alleged below in the Central District of California, including selling infringing goods in and/or transporting infringing goods and/or causing or directing the transport of goods into the Central District of California, and/or knowing that said activities would affect Bravado, a California corporation, and/or would have an effect in the Central District of California. Upon information and belief, Defendants MICHAEL SCHELL, THATCHER CLAFLIN SPRING, BARRETT SUMMERLIN, JOSH KENT AND BLAIR DORSEY authorized and/or directed and/or participated in the infringement alleged herein.

3. This action arises under the Lanham Trademark Act (15 U.S.C. 1051 et seq). This Court has jurisdiction over this action under 28 U.S.C. 1331, 28 U.S.C. 1338(a) and 15 U.S.C. 1125(a). This Court also has supplemental

jurisdiction over the Second, Third, Fourth, Sixth, Seventh and Eighth Causes of Action because they arise out of a common nucleus of operative facts as the First Cause of Action.

## PARTIES

4. The Rolling Stones, The Doors, Muse, Black Sabbath, Red Hot Chili Peppers, Guns N' Roses Smashing Pumpkins, Metallica, Type O Negative, Pantera, Ozzy Osbourne, Bring Me The Horizon, Queen, Social Distortion, Slipknot, The Ramones, Marilyn Manson, Run DMC, Disturbed, Justin Bieber, System of A Down, Five Seconds of Summer, Motionless in White, Volbeat, Lady Gaga and Bob Marley (the "Musical Performers") are world famous performers who have used their respective names, trademarks and likenesses to identify themselves in all phases of the entertainment industry to distinguish themselves from other professional entertainers.

5. Bravado has been, at all times relevant herein, engaged in the business of marketing and selling merchandise bearing the names, trade names, trademarks, logos and/or likenesses of the Musical Performers throughout the United States pursuant to agreements between Bravado and the Musical Performers that grant to Bravado the exclusive right to sell products bearing said parties' names, trademarks and likenesses and/or the right to commence lawsuits regarding infringement of their rights. Zion has been, at all times relevant herein, engaged in the business of marketing and selling merchandise bearing the name, trade name, trademark, logo and/or likeness of Bob Marley throughout the United States and has been granted the exclusive right to sell products bearing the Bob

Marley name, trademark and likeness on shirts and other items and/or the right to commence lawsuits regarding infringement of the Bob Marley rights.

6. Defendants are or were distributing, advertising and selling unauthorized shirts and/or other items embodying the names, trademarks and/or likenesses of the Musical Performers (collectively the "Infringing Merchandise") through the sunfrog.com, teezify.com, bestmusicanshirts.com, teedory.com, teeseason.com, cltee.com, naturetee.com, teebamboo.com, teemazing.co, teezido.com, youshirtnow.com, teesports.net, swagandgear.com, topusashirts.com, cktee.com, teeluxury.com, teeunite.com, teengu.com, trendstee.com, tee-one.com, doortees.com, kosock.com, musictees.net, teethunder.com, ttntees.com, luzitees.com, teeunite.com, coolteeusa.com, teeslover.com, teesnewtrend.com, teealpha.com, rockingstee.com and other Web sites, and/or using the names, trademarks and/or likenesses to sell and/or distribute products throughout the United States by various means of interstate transport and delivery in violation of the rights of Plaintiffs and the Musical Performers under the Lanham Act.

## BACKGROUND

7. Each of the Musical Performers has achieved nationwide fame and notoriety.

8. Since the dates set forth below, the Musical Performers have identified themselves with each party's respective name and trademark as set forth below. Separately, and/or in conjunction with the likenesses of the Musical Performers, the Musical Performers' trademarks and/or likenesses have been

used to distinguish merchandise pertaining to the Musical Performers from other parties.

| Trademark | Trademark Used By Musical Performer As Early As Following Date |
|---|---|
| The Rolling Stones | 1962 |
| The Doors | 1967 |
| Muse | 1998 |
| Black Sabbath | 1969 |
| Red Hot Chili Peppers | 1983 |
| Guns N' Roses | 1984 |
| Smashing Pumpkins | 2004 |
| Metallica | 1983 |
| Type O Negative | 1990 |
| Pantera | 1983 |
| Ozzy Osbourne | 1980 |
| Bring Me the Horizon | 2006 |
| Queen | 1973 |
| Social Distortion | 1981 |
| Slipknot | 1996 |
| The Ramones | 1976 |
| Marilyn Manson | 1991 |
| Run DMC | 1983 |
| Disturbed | 2000 |
| Justin Bieber | 2008 |
| System of A Down | 2003 |
| Five Seconds of Summer | 2013 |
| Motionless In White | 2009 |
| Volbeat | 2005 |
| Lady Gaga | 2006 |
| Bob Marley | 1976 |

9. Each of the Musical Performers has sold and/or has had licensed sales of tens of thousands of dollars' worth of merchandise bearing each party's respective name, trademark and/or likeness. Defendants' sale of the Infringing

5

Merchandise is and will be without permission or authority of Plaintiffs or any of the Musical Performers.

10. Defendants' unlawful activity results in irreparable harm and injury to Plaintiffs and the Musical Performers in that, among other things, it deprives Plaintiffs and the Musical Performers of their absolute right to determine the manner in which their images are presented to the general public through merchandising; deceives the public as to the origin and sponsorship of such merchandise; wrongfully trades upon and cashes in on the Musical Performers' reputations, commercial value and exclusive rights and it irreparably harms and injures the reputations of Plaintiffs and the Musical Performers.

## AS AND FOR A FIRST CAUSE OF ACTION
**Violation of 15 U. S. C. 1125(a)**

11. Plaintiffs repeat and reallege paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12. This cause arises under 15 U.S.C. 1125(a) relating to trademarks, trade names and unfair competition and involves false designations in commerce.

13. The names, trademarks and likenesses of the Musical Performers (hereinafter collectively sometimes referred to as the "Musical Performers' Marks") have been used as marks to identify the respective Musical Performers and have been used in connection with their performing services and the sale of various types of merchandise throughout the United States. As a result of same,

6

the Musical Performers' Marks have developed and now have a secondary and distinctive trademark meaning to purchasers of merchandise.

14. Infringing Merchandise has been advertised, manufactured and/or sold by Defendants, containing and/or using the names, trademarks, and/or likenesses of the Musical Performers. By misappropriating and using the Musical Performers' Marks in advertising and/or on the goods that Defendants have sold, Defendants have misrepresented and falsely described to the general public the origin and source of the Infringing Merchandise so as to create the likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of the Infringing Merchandise.

15. Defendants' advertising, distributing, manufacturing and sale of the Infringing Merchandise has infringed and will infringe upon and dilute the trademarks, names and likenesses of the Musical Performers.

16. Defendants' advertising, manufacturing and/or sale of the Infringing Merchandise will be damaging to and will dilute the good will generated by each of the Musical Performers and the reputations which all of the Musical Performers have developed in connection with the sale of legitimate, authorized and high quality merchandise.

17. Defendants' unlawful merchandising activities are without permission or authority of Plaintiffs or any of the Musical Performers and constitute express and implied misrepresentations that the Infringing Merchandise was created, authorized or approved by Plaintiffs and/or the Musical Performers.

18. Defendants' aforesaid acts are willful violations of 15 U.S.C. 1125(a) in that Defendants used, in connection with goods and services, a false designation of origin and have caused and will continue to cause said goods (the Infringing Merchandise) to enter into interstate commerce.

19. Plaintiffs and the Musical Performers will have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury to their images and reputations as a result thereof.

20. As a result of Defendants' activities, Plaintiffs and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A SECOND CAUSE OF ACTION
### Violation of Section 3344 of the California Civil Code

21. Plaintiffs repeat and reallege paragraphs 1 through 10 and 12 through 20 of this Complaint as if fully set forth herein.

22. Each Musical Performer is a celebrated musical performer with a proprietary interest, inter alia, in the use in public of each party's respective name and/or likeness.

23. Upon information and belief, Defendants have sold, manufactured and/or distributed the Infringing Merchandise bearing the names and/or likenesses of the Musical Performers and/or have used said names and/or likenesses in advertising for Defendants' goods.

24. Neither Plaintiffs nor any of the Musical Performers or any party acting on their behalf has given oral or written consent to Defendants for the use of said names and/or likenesses on any items and/or in connection with advertising for any goods.

25. Defendants have violated California Civil Code Section 3344 by knowingly appropriating, using and exploiting the names and/or likenesses of the Musical Performers on the Infringing Merchandise that they distribute or in advertising for any goods for their commercial benefit without the consent of Plaintiffs or the Musical Performers.

26. As a result of their infringing activities, Defendants have deprived Plaintiffs and the Musical Performers of the right to control the time, place, terms and manner by which to publicize said parties' special talents.

27. Plaintiffs and the Musical Performers will have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury to their images and reputations as a result thereof.

28. As a result of Defendants' activities, Plaintiffs and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

### AS AND FOR A THIRD CAUSE OF ACTION
### Violation of Common Law Unfair Competition

29. Plaintiffs repeat and reallege paragraphs 1 through 10, 12 through 20 and 22 through 28 of this Complaint as if fully set forth herein.

9

30. The marks used on the Infringing Merchandise are identical to the Musical Performers' Marks and Defendants' use thereof is likely to, and is certainly intended to, cause confusion to purchasers.

31. Defendants, by misappropriating and using the Musical Performers' Marks, have utilized unfair means to usurp the good will and distinctive attributes of the Musical Performers' Marks.

32. Defendants have misrepresented and falsely described to the general public the origin and source of the Infringing Merchandise so as to cause confusion by the ultimate purchaser as to both the source and sponsorship of the Infringing Merchandise.

33. Plaintiffs and the Musical Performers will have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury to their images and reputations as a result thereof.

34. As a result of Defendants' activities, Plaintiffs and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

### AS AND FOR A FOURTH CAUSE OF ACTION
### Violation of Common Law Right of Publicity

35. Plaintiffs repeat and reallege paragraphs 1 through 10, 12 through 20, 22 through 28 and 30 through 34 of this Complaint as if fully set forth herein.

36. Defendants' unauthorized use of the Musical Performers' names and/or likenesses constitutes common law right of publicity violations.

37. Plaintiffs and the Musical Performers will have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury to their images and reputations as a result thereof.

38. As a result of Defendants' activities, Plaintiffs and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A FIFTH CAUSE OF ACTION
## Trademark Dilution Under 15 U.S.C. 1125(c)

39. Plaintiffs repeat and reallege paragraphs 1 through 10, 12 through 20, 22 through 28, 30 through 34 and 36 through 38 of this Complaint as if fully set forth herein.

40. By virtue of the Musical Performers' long and continuous use of the Musical Performers' Marks in interstate commerce, said marks have become and continue to be famous within the meaning of 15 U.S.C. 1125(c). As such, said marks are eligible for protection against dilution pursuant to 15 U.S.C. 1125(c).

41. Defendants' use of the Musical Performers' Marks in connection with the merchandise that they are selling has threatened to cause and is causing dilution of the distinctive quality of the famous Musical Performers' Marks by lessening Plaintiffs' and the Musical Performers' capacity to identify the goods in violation of 15 U.S.C. 1125(c).

11

42. Plaintiffs and the Musical Performers will have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury to their images and reputations as a result thereof.

43. As a result of Defendants' activities, Plaintiffs and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

### AS AND FOR A SIXTH CAUSE OF ACTION
### Violation of Section 3344.1 of the California Civil Code

44. Plaintiffs repeat and reallege paragraphs 1 through 10, 12 through 20, 22 through 28, 30 through 34, 36 through 38 and 40 through 43 of this Complaint as if fully set forth herein.

45. Jim Morrison was a celebrated musical performer with a proprietary interest, inter alia, in the use in public of his name and likeness. Jim Morrison died on July 3, 1971. On February 2, 2009, Anne R. Chewning, managing partner of the George Morrison Family Partnership, L.P. ("GMFP"), registered a claim pursuant to California Civil Code Section 3344.1. Bravado has been granted the exclusive right to use the Jim Morrison likeness in connection with merchandise including shirts.

46. Defendants have used the Jim Morrison name and likeness in connection with the advertising, sale and/or distribution of the Infringing Merchandise.

47. Neither Bravado nor any party acting on behalf of GMFP has given oral or written consent to Defendants for the use of Jim Morrison's name and/or likeness.

48. Defendants have violated California Civil Code Section 3344.1 by knowingly appropriating, using and exploiting the Jim Morrison name and likeness in connection with commercial exploitation and/or advertisement of the merchandise that they have distributed for their commercial benefit without the consent of Bravado or any party authorized to give such consent.

49. As a result thereof, Defendants have deprived Bravado and GMFP of the right to control the time, place, terms and manner by which to publicize Jim Morrison's special talents.

50. The use of the Jim Morrison name and likeness in connection with the sale and distribution of the Infringing Merchandise by Defendants has caused, is causing and will continue to cause Bravado and/or GMFP irreparable harm and injury. If Defendants' activities are not enjoined, Bravado and/or GMFP will suffer irreparable harm and injury.

51. As a result of Defendants' activities, Bravado and GMFP have been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## Violation of Washington Code Section 63.60.010 et seq.

52. Plaintiffs repeat and reallege paragraphs 1 through 10, 12 through 20, 22 through 28, 30 through 34, 36 through 38, 40 through 43 and 45 through 51 of this Complaint as if fully set forth herein.

53. The Musical Groups and Performers are celebrated musical performers and groups with a proprietary interest, <u>inter alia</u>, in the use in public of their respective names and/or the likenesses of the individual members thereof.

54. Defendants have sold, manufactured, advertised and distributed and/or caused the sale and distribution of the Infringing Merchandise bearing the names and/or likenesses of at least some of the Musical Performers into the State of Washington and/or have used said names and likenesses in advertising the sale of said goods.

55. Neither Plaintiffs nor the Musical Groups or Performers or any party acting on their behalf has given oral or written consent to Defendants for the use of said names and/or likenesses on any items and/or in connection with any advertising.

56. Defendants have violated the Washington Right of Publicity Statute, Washington Code Section 63.60.010 et seq., by appropriating, using and exploiting the names and/or likenesses of the Musical Groups and Performers on the Infringing Merchandise that they have manufactured, distributed and/or transported and/or caused the Infringing Merchandise to be distributed and/or

14

transported into Washington and/or by advertising said products for their commercial benefit without the consent of Plaintiffs or the Musical Groups and Performers.

57. As a result thereof, Defendants have deprived Plaintiffs and the Musical Groups and Performers of the right to control the time, place, terms and manner by which to publicize said parties' special talents.

58. Plaintiffs and the Musical Groups and Performers will have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury to their images and reputations as a result thereof.

59. As a result of Defendants' activities, Plaintiffs and the Musical Groups and Performers have been damaged in an amount not yet determined or ascertainable.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### Violation of Section 3344.1 of the California Civil Code

60. Plaintiffs repeat and reallege paragraphs 1 through 10, 12 through 20, 22 through 28, 30 through 34, 36 through 38, 40 through 43, 45 through 51 and 53 through 59 of this Complaint as if fully set forth herein.

61. Bob Marley was a celebrated musical performer with a proprietary interest, *inter alia*, in the use in public of his name and likeness. Bob Marley died on May 11, 1981. On April 19, 1990, Bob Marley Music, Inc. ("Bob Marley Music") registered a claim pursuant to California Civil Code Section

3344.1. Zion has been granted the exclusive right to use the Bob Marley name and likeness in connection with merchandise including shirts and other items.

62. Defendants have used the Bob Marley name and likeness in connection with the advertising, sale, manufacture and/or distribution of the Infringing Merchandise.

63. Neither Zion nor any party acting on its behalf has given oral or written consent to Defendants for the use of Bob Marley's name and/or likeness.

64. Defendants have violated California Civil Code Section 3344.1 by knowingly appropriating, using and exploiting the Bob Marley name and likeness in connection with commercial exploitation and/or advertisement of the merchandise that they have distributed for their commercial benefit without the consent of Zion or any party authorized to give such consent.

65. As a result thereof, Defendants have deprived Zion of the right to control the time, place, terms and manner by which to publicize Bob Marley's special talents.

66. The use of the Bob Marley name and likeness in connection with the sale and distribution of the Infringing Merchandise by Defendants has caused, is causing and will continue to cause Zion irreparable harm and injury. If Defendants' activities are not enjoined, Zion will suffer irreparable harm and injury.

67. As a result of Defendants' activities, Zion has been damaged in an amount not yet determined or ascertainable.

WHEREFORE, Plaintiffs respectfully pray that this Court grant the following relief:

A. A Preliminary Injunction restraining, enjoining and prohibiting each of the Defendants from manufacturing, distributing, advertising or selling any and all merchandise bearing the names, trademarks and/or the likenesses of any of the Musical Performers or any one or more of them and/or anything confusingly similar thereto and/or any mark or designation that would cause consumers to believe that Defendants' merchandise was sponsored and/or authorized by Plaintiffs and/or any of the Musical Performers;

B. A Permanent Injunction restraining, enjoining and prohibiting each of the Defendants from manufacturing, distributing, advertising or selling any and all merchandise bearing the names, trademarks and/or the likenesses of any of the Musical Performers or any one or more of them and/or anything confusingly similar thereto and/or any mark or designation that would cause consumers to believe Defendants' merchandise was sponsored and/or authorized by Plaintiffs and/or any of the Musical Performers;

C. Three times Defendants' profits or three times the damages suffered by Plaintiffs or the Musical Performers, whichever is greater, and reasonable attorneys' fees and costs pursuant to the First and Fifth Causes of Action;

D.   Defendants' profits and/or the damages suffered by Plaintiffs or the Musical Performers and/or statutory damages of no less than $750.00 for each name and/or likeness that Defendants have used on each different product and/or in advertising plus punitive damages and attorneys' fees pursuant to California Civil Code Sections 3344 and 3344.1 (the Second, Sixth and Eighth Causes of Action);

E.   Defendants' profits or damages suffered by Plaintiffs or the Musical Performers, whichever is greater, plus punitive damages pursuant to the Third and Fourth Causes of Action;

F.   Statutory damages of $2,000,000.00 pursuant to 17 U.S.C. 1117(c) for each of the trademarks that Defendants have used in connection with the sale of their counterfeit products;

G.   Defendants' profits and/or the damages suffered by Plaintiffs or the Musical Performers and/or statutory damages of no less than $1,500.00 for each name and/or likeness that Defendants have used on each different product and/or in advertising in Washington plus punitive damages and attorneys' fees pursuant to Washington Code Section 63.60.060 (the Seventh Cause of Action);

H.   An award of interest, including pre-judgment interest, on the foregoing sums; and

I.  Such other and further relief that this Court deems to be just and proper.

Dated: November 21, 2016  
       Culver City, CA

Respectfully submitted,

By: s/Kenneth A. Feinswog  
    KENNETH A. FEINSWOG  
    Attorney for Plaintiffs  
    400 Corporate Pointe, Suite 300  
    Culver City, CA 90230  
    Telephone: (310) 846-5800  
    Facsimile:   (310)-846-5801