UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-08657-MWF (CWx)     Date:  June 15, 2017
Title:    Bravado International Group Merchandising Services, Inc., et al. -v- Gearlaunch, Inc., et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**  ORDER GRANTING MOTION TO DISMISS [40]

Before the Court is Defendants SunFrog, LLC, Merchpond Manufacturing, LLC, and Josh Kent's (collectively, the "SunFrog Defendants") Motion to Dismiss or for a More Definite Statement (the "Motion"), filed April 19, 2017. (Docket No. 40). On May 22, 2017, Plaintiffs Bravado International Group Merchandising Services, Inc. and Zion Rootswear, LLC (collectively, "Bravado") filed their Opposition. (Docket No. 46). The SunFrog Defendants filed their Reply on May 30, 2017. (Docket No. 47). The Court reviewed and considered the papers filed on the Motion, and held a hearing on **June 14, 2017**.

The Motion is **GRANTED**. Rule 8 requires only that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)). The allegations in Bravado's Complaint fail to meet even this relatively minimal requirement.

On November 21, 2016, Bravado filed a Complaint in this Court alleging trademark infringement, unfair competition, and infringement of a right of publicity. (Docket No. 1). The allegations in the Complaint, however, are so vague as to preclude any real recitation of the facts underlying Bravado's claims. Bravado alleges in a conclusory fashion that it has the exclusive right to sell products bearing the "names, trademarks and likenesses" of a laundry list of musical performers, including

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-08657-MWF (CWx)          Date:  June 15, 2017
Title:     Bravado International Group Merchandising Services, Inc., et al. -v- Gearlaunch, Inc., et al.

among others The Rolling Stones, Metallica, Queen, the Ramones, Run DMC, Justin Bieber, Lady Gaga, and Bob Marley.  (Compl. ¶ 4).  Bravado does not explain how it came to hold the exclusive rights to sell those artists' branded products, nor does it provide any details regarding the contours of its right.  It is not even clear from the allegations whether Bravado International Group Merchandising Services, Inc. or Zion Rootswear, LLC, or possibly both, have the "exclusive" right to sell Bob Marley-themed products.  (*See id.* ¶ 5).

The only allegation regarding the wrongdoing of the SunFrog Defendants (named along with a plethora of additional Defendants) reads as follows:

> Defendants are or were distributing, advertising and selling unauthorized shirts and/or other items embodying the names, trademarks and/or likenesses of the Musical Performers (collectively the "Infringing Merchandise") through the sunfrog.com, teezify.com, bestmusicanshirts.com, teedory.com, teeseason.com, cltee.com, naturetee.com, teebamboo.com, teemazing.co, teezido.com, youshirtnow.com, teesports.net, swagandgear.com, topusashirts.com, cktee.com, teeluxury.com, teeunite.com, teengu.com, trendstee.com, tee-one.com, doortees.com, kosock.com, musictees.net, teethunder.com, ttntees.com, luzitees.com, teeunite.com, coolteeusa.com, teeslover.com, teesnewtrend.com, teealpha.com, rockingstee.com and other Web sites, and/or using the names, trademarks and/or likenesses to sell and/or distribute products throughout the United States by various means of interstate transport and delivery in violation of the rights of Plaintiffs and the Musical Performers under the Lanham Act.

(Compl. ¶ 6).

As the SunFrog Defendants point out, this omnibus allegation fails to make clear specifically *which* marks (among the broad set alleged) Bravado believes are at issue; *how* any infringement or unfair competition allegedly was accomplished (*i.e.*, did the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-08657-MWF (CWx)               Date:  June 15, 2017
Title:    Bravado International Group Merchandising Services, Inc., et al. -v- Gearlaunch, Inc., et al.

SunFrog Defendants sell a t-shirt bearing Bob Marley's name? a reference to a song? a picture of his face?); **when** any of the incidents underlying Bravado's claims occurred; or **who** among the gaggle of named Defendants specifically accomplished each alleged act.  (*See* Mot. at 13–14).  Put simply, there is no way that either the SunFrog Defendants or the Court can determine what specific acts make up the basis of Bravado's Complaint.

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The Court must disregard allegations that are legal conclusions, even when disguised as facts.  *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Properties E., LLC v. Marcus & Millichap Co*., 751 F.3d 990, 996 (9th Cir. 2014).  "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'"  *Eclectic Properties*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556–57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the Complaint alleges a plausible claim for relief.  *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011).  "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  *Ebner v. Fresh, Inc.*, No. 13-56644, 2016 WL 5389307, at *2 (9th Cir. Sept. 27, 2016) (as amended) (quoting *Iqbal*, 556 U.S. at 679).  Where the facts as pleaded in the Complaint indicate that there are two alternative explanations, only one of which would result in liability, "plaintiffs cannot offer allegations that are merely consistent

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-08657-MWF (CWx)			Date:  June 15, 2017
Title:	Bravado International Group Merchandising Services, Inc., et al. -v- Gearlaunch, Inc., et al.

with their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Eclectic Properties*, 751 F.3d at 996–97; *see also Somers*, 729 F.3d at 960.

Here, nearly *all* of Bravado's claims are conclusory statements of law — Bravado makes little effort even to disguise its conclusory allegations as fact. In *Twombly*, the Supreme Court "interpreted the 'short and plain statement' requirement [of Rule 8(a)] to mean that the complaint must provide 'the defendant [with] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). The Complaint fails entirely to give the SunFrog Defendants more than the most vague sense of the grounds upon which the numerous claims against them rest.

In the Opposition, Bravado contends that all of the foregoing deficiencies can be remedied during discovery. (*See* Opp. at 4 (stating "[f]f the Sunfrog Defendants seek more information [regarding which marks were allegedly infringed] they can do so in discovery" and "[t]he Sunfrog Defendants can obtain additional information in discovery regarding" their alleged role in the alleged trademark infringement)). Bravado's position that the facts underlying their claims need not be elaborated until discovery is untenable under the Federal Rules of Civil Procedure. For one thing, it will be nearly impossible for the SunFrog Defendants to answer the Complaint properly without further factual detail. Nor are the specific objections to individual claims raised in the Motion decipherable to the Court absent the specific facts underlying Bravado's claims. (For this reason, the Court also declines the SunFrog Defendants' invitation, extended at the hearing, to consider the preemption issues raised in the Motion.)

At the hearing, counsel for Bravado raised for the first time this Court's previous Order in *Bravado Int'l Group Merchandising Services, Inc. v. Sean Broihier and Associates, et al.*, No. CV 14-3375-MWF (Ex) ("*Bravado I*"), which denied a motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 16-08657-MWF (CWx)     **Date:** June 15, 2017

**Title:** Bravado International Group Merchandising Services, Inc., et al. -v- Gearlaunch, Inc., et al.

to dismiss a similar complaint. Because this argument was raised for the first time at the hearing, SunFrog was denied the opportunity to respond meaningfully. Even so, the Court finds the analogy to *Bravado I* inapposite.

    The operative complaint in *Bravado I* alleged that specific defendants took specific acts, which the plaintiff in that action challenged. For example, the operative complaint alleged that defendant "Fine Art America operates a Web site on which it lists the names of" various performing artists, and alleged that the names and likenesses of those artists were depicted on specific goods that Fine Art America set for sale. (First Amended Complaint in *Bravado I* ("*Bravado I* FAC") ¶ 14 (Case No. 14-3375: Docket No. 14)). The *Bravado I* FAC further alleged that Fine Art America acted "in concert with Graphik [another defendant] and other parties to manufacture, distribute, and sell" the infringing merchandise. (*Id.*). And the Complaint offered examples of the infringing merchandise. Unlike the Complaint in this action, the *Bravado I* FAC identified which parties took which actions, and stated with minimal specificity how the infringement was alleged to have been accomplished. Even these very basic factual allegations are missing from the Complaint in this action. Bravado need not, as it suggested at the hearing, attach numerous exhibits to the next complaint substantiating each allegedly unlawful act. Bravado need only include "a short and plain statement" of ***facts*** — rather than legal conclusions — in support of its claims that, if true, would "show[] that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

    Accordingly, the Motion is **GRANTED *with leave to amend***. *See Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014) ("A complaint should not be dismissed without leave to amend unless amendment would be futile."). The First Amended Complaint, if any, shall be filed on or before **July 3, 2017.**

    IT IS SO ORDERED.