UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-16-8657-MWF (CWx)      **Date:** May 1, 2018
**Title:** Bravado Int'l Grp. Merchandising Servs., Inc., et al. -v- Gearlaunch, Inc., et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DENYING DEFENDANTS' MOTION TO DISMISS [75]

    Before the Court is Defendants Sunfrog, LLC, Merchpond Manufacturing, LLC, and Josh Kent's (together, "Defendants") Motion to Dismiss (the "Motion"), filed on March 26, 2018. (Docket No. 75). Plaintiffs Bravado International Group Merchandising Services, Inc., Fifty-Six Hope Road Music Limited, and Zion Rootswear, LLC (together, "Plaintiffs") filed an Opposition on March 9, 2018. (Docket No. 77). Defendants filed a Reply on April 16, 2018. (Docket No. 78). The Court has reviewed and considered the papers on the Motion, and held a hearing on **April 30, 2018**.

    For the reasons outlined below, Motion is **DENIED**. Plaintiffs have alleged sufficient facts from which it could be plausibly concluded that Defendant Kent authorized or participated in the alleged infringing activity, and that he could therefore be held personally liable.

## I.   BACKGROUND

    Plaintiffs commenced this action against Defendants on November 21, 2016, alleging unfair competition, trademark infringement, and right of publicity infringement action against Defendants. (Complaint (Docket No. 1)). On June 15, 2017, the Court granted Defendants' Motion to Dismiss for failure to meet the pleading requirements of Federal Rule of Civil Procedure 8. (*See* Docket No. 50). On July 3, 2017, Plaintiffs filed the First Amended Complaint ("FAC"). (Docket No. 51).

---
**CIVIL MINUTES—GENERAL**          1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-16-8657-MWF (CWx)**             **Date:  May 1, 2018**
**Title:**     Bravado Int'l Grp. Merchandising Servs., Inc., et al. -v- Gearlaunch, Inc., et al.

Subsequently, the Court granted in part and denied in part Defendants' Motion to Dismiss the FAC.  ("Dismissal Order" (Docket No. 70)).

On February 26, 2018, Plaintiffs filed the Second Amended Complaint ("SAC"), which Defendants now move to dismiss.  (*See* Docket No. 72).  Specifically, Defendants seek dismissal of the SAC as to Defendant Josh Kent for lack of personal jurisdiction and failure to state a claim.  (Mot. at 2).

Because the factual background of this action has been set forth in detail in the Court's orders on the prior motions to dismiss, the Court relates here only the relevant amendments made in the SAC.  In particular, because the Motion seeks dismissal of the SAC as to Kent only, the Court sets forth here the allegations with respect to him.

The Court assumes the facts alleged in the SAC are true and construes any inferences arising from those facts in the light most favorable to Plaintiffs.  *See, e.g.*, *Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 704 (9th Cir. 2016) (restating generally-accepted principle that "[o]rdinarily, when we review a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we accept a plaintiff's allegations as true 'and construe them in the light most favorable' to the plaintiff" (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009)).

Plaintiffs allege that all Defendants have transacted business in or committed the alleged infringing activities in the Central District of California, including selling infringing goods in or transporting infringing goods into the District.  (SAC ¶ 2).

Defendant Josh Kent is alleged to be the Chief Executive Officer of Defendants Sunfrog and Merchpond, and to have "authorized and/or directed and/or participated in" the alleged infringement.  Kent has admitted to regularly inspecting the Sunfrog and Merchpond printing operations and the goods they produce and sell, and has taken no action to prevent the sale of products bearing the infringing images, names, and trademarks at issue.  (SAC ¶ 2).  He is alleged to be involved in every aspect of Sunfrog and Merchpond's business in that he publicly comments on lawsuits and oversees Defendants' infringement procedures.  (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-16-8657-MWF (CWx)**        **Date:  May 1, 2018**
**Title:**   Bravado Int'l Grp. Merchandising Servs., Inc., et al. -*v*- Gearlaunch, Inc., et al.

Plaintiffs allege that despite this extensive involvement, Kent failed to take action to prevent the alleged infringement.  Instead, when Sunfrog has been accused of infringement in the past, Kent stated:  "As an online platform and service provider, there may be instances where user-generated content on our platform doesn't fully comply with either our terms and conditions or intellectual property in general."  (SAC ¶ 3).  Kent's position has been that Defendants are not liable for their sale of products bearing the names, trademarks, or likenesses of the Musical Performers at issue in the SAC because Defendants apparently tell the third parties who utilize Defendants' services to post products that the posting of infringing materials is not permitted.  (*Id.*). Plaintiffs therefore allege that, as a result of Kent's position and his failure to take action, Kent has allowed the alleged infringement to continue.  (*Id.*).

## II.    LEGAL STANDARD

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013)

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Properties*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556–57) (internal citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-16-8657-MWF (CWx)          **Date:** May 1, 2018
**Title:** Bravado Int'l Grp. Merchandising Servs., Inc., et al. -v- Gearlaunch, Inc., et al.

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the Complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, No. 13-56644, 2016 WL 5389307, at *2 (9th Cir. Sept. 27, 2016) (as amended) (quoting *Iqbal*, 556 U.S. at 679). Where the facts as pleaded in the Complaint indicate that there are two alternative explanations, only one of which would result in liability, "plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Eclectic Properties*, 751 F.3d at 996–97; *see also Somers*, 729 F.3d at 960.

### III. DISCUSSION

As a preliminary matter, Defendants' arguments with respect to this Court's personal jurisdiction over Kent have been waived, as Plaintiffs argue. (Opp. at 3-4). Defendants did not raise this issue in their first or second motions to dismiss. (*See* Docket Nos. 40, 54). Under Rule 12 of the Federal Rules of Civil Procedure, "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). "A party waives any defense listed in Rule 12(b)(2)-(5) by[] omitting it from a motion in the circumstances described in Rule 12(g)(2)." Fed. R. Civ. P. 12(h)(1); *see Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106-07 (9th Cir. 2000) (objections to personal jurisdiction waived if not raised at first available opportunity).

Defendants attempt to save their Rule 12(b)(2) argument by contending that because all iterations of the Complaint in this action have premised jurisdiction over Kent on his potential liability as an officer of Sunfrog and Merchpond, Defendants preserved the personal jurisdiction challenge by consistently arguing that Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-16-8657-MWF (CWx)**          **Date:  May 1, 2018**
**Title:**   Bravado Int'l Grp. Merchandising Servs., Inc., et al. -v- Gearlaunch, Inc., et al.

failed to state a claim of individual liability against Kent.  (Reply at 2).  The fact remains that Defendants have never moved under Rule 12(b)(2), and never so much as mentioned personal jurisdiction in their prior motions to dismiss, despite having the opportunity to do so.  "[I]f [Defendants] raised any Rule 12 defenses in [their] first filing to the court, [they were] obliged to raise all of those specified in Rule 12(h)." *Hayhurst*, 227 F.3d at 1107.  Accordingly, their arguments under Rule 12(b)(2) are waived.  The Court addresses only Defendants' arguments under Rule 12(b)(6).

Defendants again contend that Plaintiffs have failed to state a claim against Kent because they have failed to allege he was an "active participant" in any wrongful conduct, let alone the specific conduct alleged in the SAC.  (Mot. at 8; Reply at 5).  Plaintiffs argue that they have satisfied the requirements of Rule 8 with respect to their allegations of Kent's personal liability.  (Opp. at 5).  The Court previously concluded that in the FAC, Plaintiffs had not adequately alleged Kent's personal involvement in the alleged infringement.  (*See* Dismissal Order at 20-21).

The parties appear to agree on the standard for holding a corporate officer or director personally liable.  "A corporate 'officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf.'"  *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1021 (9th Cir. 1985) (citation omitted) (corporate officer found personally liable in unfair competition action where he played "instrumental" role in company's conspiracy to pass off goods); *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 822-23 (9th Cir. 1996 (applying *Transgo* standard in trademark infringement context).  The parties disagree regarding whether the allegations in the SAC meet this standard.

Many of the cases Defendants cite in the Motion pertain to courts' analyses of whether they could exercise personal jurisdiction over individual officers.  *See, e.g.*, *Indiana Plumbing Supply, Inc. v. Standard of Lynn, Inc.*, 880 F. Supp. 743, 751 (C.D. Cal. 1995) (rejecting personal jurisdiction over company president where plaintiff failed to allege sufficient personal conduct by the president directed at California or that president was "guiding force" behind alleged misconduct); *Brown v. General Steel*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-16-8657-MWF (CWx)**          **Date: May 1, 2018**
**Title:**    Bravado Int'l Grp. Merchandising Servs., Inc., et al. -*v*- Gearlaunch, Inc., et al.

*Domestic Sales, LLC*, No. CV 08-779-MMM (SHx), 2008 WL 2128057 (C.D. Cal. May 19, 2008) (rejecting personal jurisdiction over individual officer where allegations insufficient to establish individual officer was "guiding spirit" behind wrongful conduct at issue). Personal jurisdiction is not at issue here, so the Court will focus in this analysis on those authorities that address the standard for individual officers' personal liability.

In *Adobe Sys. Inc. v. Software Speedy*, a copyright and trademark infringement action, the district court observed, "Personal liability on the part of corporate officers have typically involved instances where the defendant was the guiding spirit behind the wrongful conduct, or the central figure in the challenged corporate activity." No. CV 14-2152-EMC, 2014 WL 7186682, at *4 (N.D. Cal. 2014). In *Adobe*, it was alleged that the individual defendant owned the defendant company and listed himself as the "sales representative" when entering the contract at issue. The district court therefore concluded that, although it was a "close" call, the allegations created "a plausible basis" for concluding that the individual d participated in, authorized, or directed the alleged infringement. *Id.* at *5 (denying motion to dismiss).

In *Townsley v. Micro Hydroponics, Inc.*, the district court granted the plaintiff's motion for summary judgment, holding that the individual defendant was personally liable for the infringing conduct of the defendant company. No. CV 08-621-DDP (JCx), 2008 WL 11336799, at *3-4 (C.D. Cal. Dec. 11, 2008). The district court noted that it did not appear necessary that the individual defendant be a "central figure" or "knowingly" infringe for personal liability to attach; rather, it was enough that the individual defendant "authorize[] and approve[] the acts". *Id.* at *3. "In sum, findings of willfulness or that the officer is a central figure are not conditions precedent to finding individual liability for trademark infringement." *Id.* Accordingly, because it was undisputed that the individual defendant authorized the sale of the infringing products, there was no dispute as to whether she participated directly in the infringement. *Id.*

The district court's conclusion in *Townsley* is consistent with the Ninth Circuit authority holding that personal liability lies where an officer or director "authorizes or

---

**CIVIL MINUTES—GENERAL**          6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-16-8657-MWF (CWx)          **Date:** May 1, 2018
**Title:** Bravado Int'l Grp. Merchandising Servs., Inc., et al. -v- Gearlaunch, Inc., et al.

directs or . . . participates" in the conduct. *Transgo*, 768 F.2d at 1021. In *Transgo*, the Ninth Circuit found the evidence was sufficient to establish personal liability where the corporate officer gave specific instructions to employees in furtherance of the infringing conduct. *Id.*

At the hearing and in the briefs, Defendants attempt to distinguish *Townsley* and *Transgo* by arguing that unlike in those cases, Plaintiffs here do not make any factual allegations as to Kent's actions in connection with the ***specific infringement*** at issue in the SAC. (Reply at 3). However, taking the allegations as true, it is plausible to conclude that Kent did participate in or authorize the infringing activity at issue. He is alleged to have regularly inspected the defendant companies' printing operations and goods, and to have acknowledged that they may be selling infringement products, but he never took action to prevent infringement from taking place. (SAC ¶¶ 2-3). And he took or failed to take these actions despite having received multiple cease-and-desist letters from Plaintiffs. (*Id.* ¶ 8). *See Murphy Tugboat Co. v. Shipowners & Merchants Towboat Co.*, 467 F. Supp. 841, 852 (N.D. Cal. 1979) ("Participation [of a C.E.O.] may be found not solely on the basis of direct action but may also consist of knowing approval or ratification of unlawful acts.").

As Plaintiffs argued at the hearing, Defendants' print-on-demand business model makes this case distinguishable from the cited authorities addressing personal liability. The entire theory of this case is that Defendants' users uploaded the infringing designs for printing, so allegations of Kent's personal involvement in the infringing conduct are unlikely to directly parallel the types of allegations in those other cases. But, as Defendants acknowledged at the hearing, that does not mean that a CEO can never be personally liable for infringing conduct in the print-on-demand context. Construing all allegations in favor of Plaintiffs, as the Court must, it appears that Plaintiffs have alleged enough to reasonably infer Kent's personal involvement in the infringing conduct at issue.

Moreover, the Court notes that both *Townsley* and *Transgo* were decided on full evidentiary records, not motions to dismiss. Therefore, the courts in those cases were able to point to specific pieces of evidence that supported personal liability. At this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-16-8657-MWF (CWx)          **Date:** May 1, 2018
Title:     Bravado Int'l Grp. Merchandising Servs., Inc., et al. -*v*- Gearlaunch, Inc., et al.

stage of the proceedings, although it may be a "close" call (as it was in *Adobe*), Plaintiffs have alleged enough to withstand a motion to dismiss. As discussed at the hearing, discovery will reveal the true extent of Kent's role in the allegedly infringing conduct.

**IV.**     **CONCLUSION**

The Motion is therefore **DENIED**. Defendants shall file an Answer to the SAC on or before **May 14, 2018**.

IT IS SO ORDERED.